UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRACY MARACLE, 14475-055,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**
09-CV-967A
05-CR-330A

---

## INTRODUCTION

Pending before the Court is a motion by petitioner Tracy Maracle to vacate his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, petitioner asserted several bases for relief, including ineffective assistance of counsel, prosecutorial misconduct, and actual innocence. In opposition to the motion, respondent asserted that petitioner's arguments rest on a misunderstanding of the record and on a repetition of issues already decided by the United States Court of Appeals for the Second Circuit. For the reasons below, the Court will deny petitioner's motion.

## BACKGROUND

This case concerned allegations of witness tampering and conspiracy to do so. On April 4, 2006, respondent filed a superseding indictment charging petitioner with one count ("Count One") of conspiracy to tamper with a witness in

violation of 18 U.S.C. § 1512(k). The superseding indictment contained a second count ("Count Two") charging petitioner with actual witness tampering in violation of 18 U.S.C. § 1512(b)(1). After a trial on the two counts of the superseding indictment, a jury on April 19, 2006 convicted petitioner on Count One but acquitted him on Count Two. On October 3, 2006, this Court sentenced defendant to a term of imprisonment of 110 months with a subsequent term of supervised release of three years.

By way of a mandate issued on November 25, 2008 (Dkt. No. 73), the Second Circuit affirmed petitioner's conviction. *See also U.S. v. Maracle*, 282 Fed. App'x 891, 2008 WL 2595193 (2d Cir. June 27, 2008). In its summary order, the Second Circuit, *inter alia*, rejected petitioner's arguments that his conviction on the conspiracy count rested on insufficient evidence. The Second Circuit found that "a rational trier of fact could have found guilt beyond a reasonable doubt, particularly since much of the evidence presented at trial depended on the various witnesses' credibility and included conflicting testimony, and we defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." *Id.* at *2 (internal quotation marks and citations omitted). The Second Circuit next rejected petitioner's arguments that this Court should have permitted him to present testimony from Niagara County Sheriff Deputies Newman and Mendola, and from inmates Rafael Diaz and Aaron Poke. The Second Circuit affirmed this Court's decision that this testimony would

have constituted impermissible hearsay, and commented further that "[e]ven if the District Court erred in its assessment, any such error was harmless, as the jury acquitted Maracle of the substantive count of witness tampering. With respect to the third and fourth witnesses, the District Court stated that it would not reopen the case because a foundation for their statements had not been laid. Maracle does not contest this finding, and the refusal to reopen therefore did not amount to an abuse of discretion." *Id.* (citation omitted).

On November 9, 2009, petitioner filed the pending motion. In support of the motion, petitioner raised four general grounds for relief. Petitioner argued that his trial counsel was ineffective for failing to file pretrial motions that would have challenged this Court's jurisdiction to preside over the case. Petitioner argued that his trial counsel was ineffective for failure to call the four witnesses mentioned above. Next, petitioner argued that respondent committed prosecutorial misconduct by representing that a government witness was present to overhear a conversation when he could not have been present on the date in question. Finally, petitioner argued that he is actually innocent of any violations of 18 U.S.C. § 1512(b). In opposition, respondent pointed out that the Second Circuit already addressed and rejected the substance of most of petitioner's arguments. With respect to the claim of prosecutorial misconduct, respondent noted that the trial transcript makes clear that it did refer to the wrong date briefly with respect to the overheard conversation in question, but that it quickly

3

corrected itself. Respondent noted further that the surrounding context in the trial transcript makes clear which date it was discussing.

## DISCUSSION

"Failure to make a meritless argument does not amount to ineffective assistance." *U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) (citation omitted), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 404 n.8 (2003). Petitioner's ineffective assistance argument concerning jurisdiction must fail because he did not explain anywhere in his motion papers what he proposes as the jurisdictional defect. Petitioner's ineffective assistance argument concerning the uncalled witnesses must fail for its reliance on an argument that the Second Circuit rejected already. *See also Castellana v. U.S.*, 378 F.2d 231, 233 (2d Cir. 1967) ("It is well settled law that § 2255 cannot . . . be employed to relitigate questions which were raised and considered on the appeal.") (citations omitted). There is no reason to declare trial counsel's representation ineffective for failure to raise unspecified or conclusory jurisdictional challenges or for failure to press harder to call witnesses that this Court had discretion to preclude.

Petitioner's argument about prosecutorial misconduct fails as an unfounded misunderstanding of the trial record. The portion of the direct examination to which petitioner refers explicitly makes reference to "October 15th of 2004." (Dkt. No. 82-2 at 1:23.) Respondent's subsequent confusion about which transcripts to

4

hand to the jury was unfortunate but brief, and corrected quickly. Respondent quickly returned to a discussion of the witness's incarceration in mid-October of 2004. (*See id.* at 14:3.) A plain reading of the trial transcript would give any reasonable reader the impression that the witness in question was incarcerated in mid-October of 2004, and that respondent briefly made a mistake that it corrected. Under these circumstances, there is no merit to petitioner's argument that respondent deceived the jury into thinking that the witness overheard a jail conversation at a time when that witness was not in custody.

Finally, petitioner's argument about actual innocence fails because it does not even mention the violation for which he was convicted. Petitioner's entire argument about actual innocence cites to and discusses 18 U.S.C. § 1512(b). That provision covers Count Two, the substantive count of actual witness tampering in the superseding indictment. The jury agreed with petitioner that he was actually innocent of that charge, which presumably was why it voted to acquit him of that charge. As the Second Circuit explained in its summary order, petitioner's conviction for conspiracy under Count One and 15 U.S.C. § 1512(k) had nothing to do with Count Two and was supported by sufficient evidence. Under these circumstances, the Court rejects petitioner's actual innocence argument as repetitive and lacking merit.

## CONCLUSION

For all of the foregoing reasons, the Court hereby denies petitioner's motion in its entirety.

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

Additionally, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. U.S.*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 8, 2010